A. G. MORSE *vs.* CHARLES S. PHILLIPS.

Franklin.    Opinion February, 1911.

*Deeds.    Construction.    Intention.    Land Conveyed.*

In construing a deed, effect should be given to the intention of the parties if practicable as ascertained from all the language, if no principle of law is thereby violated.

The defendant by deed of warranty conveyed to the plaintiff the following described premises :    "A certain lot or parcel of land situate in the town of Avon in the County of Franklin, being the home farm of said Phillips, by him occupied for at least thirty years last past, and consisting of two hundred acres more or less, one hundred twenty of which being the part on which the buildings are situate, and eighty acres being on the North farm and adjoining the said one hundred and twenty acres."    *Held,* that under the facts as disclosed by the case the deed did not include the south quarter of a certain lot of land containing 40 acres, more or less, which had been previously conveyed by the defendant.

On an agreed statement of facts.    Judgment for defendant.

Action of covenant broken and reported to the Law Court on an agreed statement of facts with the stipulation that the Law Court should render such judgment as the law and the material facts required.

The case is stated in the opinion.

*D. R. Ross,* for plaintiff.

*A. L. Fenderson,* and *Frank W. Butler,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

KING, J.    Action for covenant broken, reported to this court on an agreed statement of facts, from which it appears:    Nov. 13, 1874, Laura J. Phillips, who was then the wife of the defendant, acquired title to all of lot 2 range 6 in the town of Avon, Franklin County, Maine, containing 160 acres, and the south half of lot 2 range 7, being 80 acres, adjoining lot 2 range 6, on the north. April 4, 1900, she conveyed to the defendant lot 2 range 6, and on March 21, 1904, he conveyed to Albert L. Phillips the south quarter thereof containing 40 acres, more or less, which part was staked off but never separately fenced "and has been ever since owned and occupied by said Albert L. Phillips."    Aug. 30, 1906, the heirs at law of Laura J. Phillips conveyed to the defendant the south half of lot 2 range 7, so that he then owned three quarters divided of lot 2 range 6 containing 120 acres. more or less, on which the farm buildings are situated, and the south half of lot 2 range 7 containing 80 acres more or less and adjoining the 120 acres on the north.    June 11, 1908, the defendant conveyed to the plaintiff, by deed with full covenants of warranty, "A certain lot or parcel of land situate in the town of Avon in the County of Franklin, being the home farm of said Phillips, by him occupied for at least thirty years last past, and consisting of two hundred acres more or less, one hundred twenty of which being the part on which the buildings are situate, and eighty acres being on the North farm and adjoining the said one hundred and twenty acres."    The question presented is the construction of this deed.

It is agreed that the defendant, prior to March 21, 1904, the date of his conveyance to Albert L. Phillips of the south quarter of lot 2 range 6, occupied the entire premises as his home farm, but that since that conveyance he has "occupied only the remaining parts of said lots as his farm," except that he has allowed his cattle to pasture upon the south quarter since his conveyance thereof, the same not having been separately fenced.

The plaintiff claims that the deed from the defendant to him included the south quarter of lot 2 range 6, to which the defendant had no title, having previously conveyed it, hence this action.    In support of his claim the plaintiff contends that the language, "the home farm of said Phillips, by him occupied for at least thirty years last past," necessarily includes the south quarter of lot 2 range 6, because that was a part of the farm as occupied, at least from 1874 to May 21, 1904, the date of the deed to Albert L. Phillips, and because thereafter it was apparently a part of the farm as occupied by the defendant, no fence separating it from the rest of the farm. He contends that this language constitutes a general description of property that is plain and definite, and, therefore, that the subsequent words specifying the acreage can not have the effect to control and restrict the general description.

We think the technical rule of construction invoked by the plaintiff, that a general description is not to be limited and controlled by a subsequent particular recital, is not applicable here.    In *Moore* v. *Griffin*, 22 Maine, at page 354, this court said :    "To give effect to the intention of the parties, general words may be restrained by a particular recital, which follows them, when such recital is used by way of limitation or restriction.    But if the particular recital is not so used, but be used by way or reiteration and affirmation only of the preceding general words, such recital will not diminish the grant made by the general words."

In *Pike* v. *Monroe*, 36 Maine, at page 315, speaking of this and other rules of construction laid down in the old books, the court said :    "In modern times, they have given way to the more sensible rule of construction, which is in all cases to give effect to the intention of the parties if practicable, when no principle of law is thereby violated.    This intention is to be ascertained by taking into consideration all of the provisions of the deed, as well as the situation of the parties to it."

Phelps J. in *Hibbard* v. *Hurlburt*, 10 Vt. 178, said :    It is a well settled rule, that the whole instrument must be taken together. Each clause is to be regarded as qualified by others having reference to the same subject, and the intent is to be gathered from the whole.

If, then, by any rational construction, the several parts can be made to harmonize, and consist with the obvious general intent of the maker, there can be no good reason for rejecting any part, or denying to it its legitimate effect."

Applying these principles in construing the defendant's deed, it becomes manifest that the plaintiff's contention is not sustained. The "home farm of said Phillips" at the time of this deed did not in fact include the south quarter of lot 2 range 6, for he had conveyed that part more than four years before. He intended, of course, that his deed should convey the home farm that he then owned. And that intention is ascertainable, we think, from the deed, without violating any principle of law, by taking into consideration all the descriptive language used, and giving each part thereof its proper effect as related to the rest. The words "and consisting of two hundred acres, more or less, one hundred and twenty of which being the part on which the buildings are situate, and eighty acres being on the North farm and adjoining the said one hundred and twenty acres," are of much significance in the construction of this deed. They declare with particularity the acreage of the home farm as it then was, specifying the quantity in each part — that on which the buildings are situated, as one hundred and twenty acres, whereas that part had comprised one hundred and sixty acres, prior to the conveyance of the south quarter thereof.

These words should not be construed as used merely to reiterate and affirm the preceding words of the description, but as used to explain and declare and make certain the "lot or parcel of land" which had been referred to as the home farm.

It is therefore the opinion of the court that the property described as conveyed in the deed of June 11, 1908, from the defendant to the plaintiff does not include the south quarter of lot No. 2 range 6, that having been previously conveyed by the defendant to Albert L. Phillips by deed of Mar. 21, 1904.

*Judgment for defendant.*